IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| KENDALL CLAY, INDIVIDUALLY, and as NEXT OF KIN OF ABRAHAM CLAY, DECEASED,<br><br>Plaintiff,<br><br>v.<br><br>LIFE ALERT EMERGENCY RESPONSE, INC., JOHN DOES, and JANE DOES,<br><br>Defendants. | CIVIL ACTION NO.<br><br>2:21-cv-02048-JPM-tmp<br><br>**JURY DEMAND** |

**DEFENDANT LIFE ALERT EMERGENCY RESPONSE, INC.'S
ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Life Alert Emergency Response, Inc. ("Life Alert" or "Defendant") answers the allegations by Kendall Clay, Individually and as Next of Kin of Abraham Clay, Deceased ("Plaintiff"), in the Complaint, and each and every count and claim therein, as follows:

JURISDICTION AND VENUE

1.  Life Alert is without sufficient information to admit or deny the allegations of Section 1 of the Complaint, and, for that reason, Life Alert denies them as provided by Rule 8(b)(5) of the Federal Rules of Civil Procedure.[1]

2.  Life Alert admits that it is a California corporation, and that its principal place of business is in the state of California. Life Alert denies the remaining allegations in Section 2 of the Complaint and demands strict proof thereof.

---

[1] For ease of reference, Life Alert will address Plaintiff's allegations as they are numbered and organized in the Complaint.

3. Life Alert does not contest venue, service of process, or the Court's exercise of personal jurisdiction over it in this action. Life Alert denies the remaining allegations in Section 3 of the Complaint and demands strict proof thereof.

PARTIES

1. Life Alert states that it is without sufficient information to admit or deny the allegations of Section 1 of the Complaint, and, for that reason, Life Alert denies them as provided by Rule 8(b)(5) of the Federal Rules of Civil Procedure.

2. As to the first paragraph of Section 2, Life Alert admits that it is a California corporation, and that its principal place of business is in the state of California. Life Alert further admits that its registered agent is Ralph Loeb. Life Alert denies the remaining allegations in this paragraph of the Complaint and demands strict proof thereof.

As to the second paragraph of Section 2, Life Alert admits that it is a California corporation. Life Alert denies the remaining allegations in this paragraph of the Complaint and demands strict proof thereof.

As to the third paragraph of Section 2, Life Alert states that it does not contest this Court's exercise of personal jurisdiction over it in this action. Further, Life Alert denies that Plaintiff's description of its business is accurate or complete. Life Alert denies the remaining allegations in this paragraph of the Complaint and demands strict proof thereof.

As to the fourth paragraph of Section 2, including sub-paragraphs a–c, Life Alert states that it does not contest this Court's exercise of personal jurisdiction over it in this action. Life Alert denies the remaining allegations in this paragraph of the Complaint, including sub-paragraphs a–c, and demands strict proof thereof.

As to the fifth paragraph of Section 2, Life Alert states that it does not contest this Court's exercise of personal jurisdiction over it in this action. Life Alert denies all other allegations in this paragraph of the Complaint and demands strict proof thereof.

As to the sixth paragraph of Section 2, Life Alert states that it does not contest this Court's exercise of personal jurisdiction over it in this action. Life Alert denies the remaining allegations in this paragraph of the Complaint and demands strict proof thereof.

3. As to Section 3, there is no allegation directed at Life Alert and thus no response is required. To the extent a response is required, the allegation is denied.

## FACTS

4. Life Alert is without sufficient information to admit or deny the allegations of Section 4 of the Complaint, and, for that reason, Life Alert denies them as provided by Rule 8(b)(5) of the Federal Rules of Civil Procedure.

5. Life Alert is without sufficient information to admit or deny the allegations of Section 5 of the Complaint, and, for that reason, Life Alert denies them as provided by Rule 8(b)(5) of the Federal Rules of Civil Procedure.

6. Life Alert is without sufficient information to admit or deny the allegations of Section 6 of the Complaint, and, for that reason, Life Alert denies them as provided by Rule 8(b)(5) of the Federal Rules of Civil Procedure.

7. Life Alert denies the allegations of Section 7 of the Complaint and demands strict proof thereof.

## COUNT 1
## NEGLIGENCE

8. Life Alert denies the allegations of Section 8 of the Complaint and demands strict proof thereof.

9. Life Alert is without sufficient information to admit or deny the allegations of Section 9 of the Complaint, and, for that reason, Life Alert denies them as provided by Rule 8(b)(5) of the Federal Rules of Civil Procedure.

10. Life Alert is without sufficient information to admit or deny the allegations of Section 10 of the Complaint, and, for that reason, Life Alert denies them as provided by Rule 8(b)(5) of the Federal Rules of Civil Procedure.

11. Section 11 contains legal conclusions to which no response is required. To the extent that a response is required, Life Alert denies the allegations of Section 11 and demands strict proof thereof.

12. Life Alert denies the allegations of Section 12 of the Complaint, including the allegations in sub-paragraphs a–h, and demands strict proof thereof.

13. Life Alert denies the allegations of Section 13 of the Complaint and demands strict proof thereof.

14. Life Alert denies the allegations of Section 14 of the Complaint and demands strict proof thereof.

## DAMAGES

15. Life Alert adopts its responses to all sections and paragraphs set forth herein as if restated in their entirety here.

16. Life Alert denies the allegations of Section 16 of the Complaint, including subparagraphs a-k, and demands strict proof thereof.

17. Life Alert denies the allegations of Section 17 of the Complaint and demands strict proof thereof.

18. Life Alert denies the allegations of Section 18 of the Complaint and demands strict proof thereof.

## PUNITIVE DAMAGES

19. Life Alert denies the allegations of Section 19 of the Complaint and demands strict proof thereof.

For the unnumbered paragraph in Section 19, Life Alert denies that Plaintiff is entitled to any relief and demands strict proof thereof. Further, Life Alert prays that this Court dismiss Plaintiff's Complaint against it with all costs taxed to Plaintiff.

## GENERAL AND AFFIRMATIVE DEFENSES

### Preliminary Statement

Plaintiff's Complaint is vague and conclusory in nature. As such, it does not contain essential detailed factual allegations. When the material facts are determined through the discovery process, it may well be that the claims asserted are barred by affirmative defenses that Life Alert cannot anticipate at this stage of the proceedings. Further, Life Alert recognizes the possibility that discovery may reveal some of the affirmative defenses asserted herein may not apply. Therefore, Life Alert reserves the right to assert additional defenses or otherwise amend its Answer upon further investigation of Plaintiff's claims, upon discovery of further information concerning the underlying claims, and upon the development of any other pertinent information.

1. Plaintiff's Complaint fails to state a claim against Life Alert upon which relief can be granted.

2. Plaintiff's claims may be barred by the applicable statutes of limitations or repose.

3. Plaintiff's claims fail, in whole or in part, due to waiver, release, waiver, estoppel, or unclean hands.

4. Plaintiff may lack standing, capacity, or may not be the proper party to bring this lawsuit.

5. Life Alert denies that any conduct on its part was the proximate cause of Plaintiff's alleged damages.

6. Life Alert denies that its conduct was in any way negligent.

7. Plaintiff's damages, if any, were proximately caused by unforeseen, intervening, and/or superseding causes.

8. Life Alert denies that it breached any duty to Plaintiff.

9. Plaintiff's claims fail, in whole or in part, due to unforeseeable alteration, change, improper maintenance, product misuse or abnormal use, and/or failure to follow proper instructions.

10. Plaintiff's claims fail because Plaintiff or Decedent was at least fifty percent at fault for the injuries claimed in the Complaint, and, therefore, Plaintiff cannot recover under Tennessee's doctrine of modified comparative fault.

11. Plaintiff's claims fail because Plaintiff and/or Decedent were negligent per se or have otherwise precluded recovery by violating applicable state, county, or municipal statutes or ordinances.

12. Plaintiff's claims fail, in whole or in part, because Plaintiff's and/or Decedent's injuries are a result of a pre-existing injury or condition.

13. Life Alert pleads as a setoff any monies received by Plaintiff for damages suffered in this case, including, but not limited to, any insurance proceeds or settlement proceeds paid by any other defendant or non-party.

14. If it is established that Life Alert is in any manner legally responsible for any of the damages claimed by Plaintiff, such damages were proximately contributed to and caused by other defendants, or persons or entities not yet parties to this action, and, hence, Life Alert is entitled to equitable and applied indemnity or contribution from each of said other defendants, persons, and entities in an amount in direct proportion to the culpable conduct of said other defendants, persons, or entities.

15. If Life Alert is liable, which is denied, any liability for damages shall be assessed based upon percentage of fault, with Life Alert having a right of contribution against any other tortfeasor.

16. Life Alert contends that all of Plaintiff's damages were caused by the acts or omissions of others for whom Life Alert owes no legal responsibility.

17. Plaintiff has failed to join necessary or indispensable parties.

18. Plaintiff's claims may be barred, reduced, and/or otherwise limited by the doctrine of spoliation.

19. Life Alert alleges that the subject product had been out of the possession and control of Life Alert for some time before the subject incident, and if there was any condition in the mechanism of the product at the time of the alleged incident which caused or contributed thereto, such conditions developed and may have existed as a result of misuse, alteration, changes, modifications, or improper maintenance or repairs made to the product after it left the control and possession of Life Alert.

20. Life Alert asserts all applicable defenses afforded to it under the Tennessee Product Liability Act of 1978, Tenn. Code Ann § 29-28-101, *et seq*.

21. Plaintiff's claims and requested relief are precluded by the Monitoring Service Agreement entered into between Plaintiff and Life Alert.

22. Any danger or risk, if any, associated with the use of the products allegedly manufactured by Life Alert and at issue in this lawsuit were either readily apparent, open or obvious, or were adequately warned against.

23. Plaintiff's claim for punitive damages is constitutionally defective and otherwise improper and should be dismissed for one or more of the following reasons:

   a. Plaintiff's claim for punitive damages cannot be sustained because any award of punitive damages under Tennessee law, without bifurcating the trial and trying all punitive damages issues only if and after liability on the merits has been found, would violate Life Alert's due process rights under the United States and Tennessee Constitutions and would be improper under common law and public policies of the State of Tennessee and other applicable laws and statutes.

   b. Plaintiff's claim for punitive damages cannot be sustained because any award of punitive damages under Tennessee law subject to no pre-determined limit (such as a maximum multiple of compensatory damages or a maximum amount) on the amount of punitive damages that a jury may impose would violate Life Alert's due process rights under the United States and Tennessee Constitutions and would be improper under common law and public policies of the State of Tennessee and other applicable laws and statutes.

  c. Plaintiff's claim for punitive damages cannot be sustained because the standard for determining liability for punitive damages under Tennessee law is vague and arbitrary, does not define with sufficient clarity the conduct or mental state which gives rise to such a claim, and is based upon the absence of any meaningful standard or guideline sufficient to provide sufficient notice to Life Alert of such an award. Therefore, any award of punitive damages would violate Life Alert's due process and equal protection rights under the United States and Tennessee Constitutions and would be improper under common law and public policies of the State of Tennessee and other applicable laws and statutes.

  d. Plaintiff's claim for punitive damages cannot be sustained because there are no meaningful standards for determining the amount of any punitive damages award under Tennessee law and because Tennessee law does not state with sufficient clarity the consequences of conduct giving rise to a claim for punitive damages. Therefore, any award of punitive damages would violate Life Alert's due process rights under the United States and Tennessee Constitutions.

  e. Plaintiff's claim for punitive damages cannot be sustained because any award of punitive damages under Tennessee law by a jury that is not adequately instructed on the limits of punitive damages which may be imposed to further the applicable principles of deterrence and punishment would violate Life Alert's due process rights under the United States and Tennessee Constitutions and would be improper under common law and public policies of the State of Tennessee and other applicable laws and statutes.

f.  Plaintiff's claim for punitive damages cannot be sustained because any award of punitive damages under Tennessee law by a jury that is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the residence, wealth, and corporate status of Life Alert, would violate Life Alert's due process rights under the United States and Tennessee Constitutions and would be improper under common law and public policies of the State of Tennessee and other applicable laws and statutes.

g.  Plaintiff's claim for punitive damages cannot be sustained because any award of punitive damages, which is not subject to trial court or appellate court review for reasonableness and furtherance of legitimate purposes on the basis of objective standards, would violate Life Alert's due process rights under the United States and Tennessee Constitutions and would be improper under common law and public policies of the State of Tennessee and other applicable laws and statutes.

h.  Plaintiff's claim for punitive damages cannot be sustained because any award of punitive damages under Tennessee law, without proof of every element beyond a reasonable doubt, would violate Life Alert's rights under Amendments IV, V, VI, XIV of the United States Constitution and the related provisions of the Tennessee Constitution and would be improper under common law and public policies of the State of Tennessee and other applicable laws and statutes.

i. Plaintiff's claim for punitive damages against Life Alert cannot be maintained because any award of punitive damages based on anything other than Life Alert's conduct in connection with the design, manufacture, and sale of the specific single product that is the subject of this lawsuit would violate the due process clause of the Fourteenth Amendment to the United States Constitution and the related provisions of the Tennessee Constitution, and would be improper under the common law and public policies of the State of Tennessee, because any other judgment for punitive damages in this case cannot protect Life Alert against impermissible multiple punishment for the same wrong and against punishment for extra-territorial conduct, including especially conduct that is lawful in states other than the State of Tennessee.  In addition, any such award would violate principles of comity under the laws of the State of Tennessee.

j. Plaintiff's claim for punitive damages cannot be sustained because any judgment for punitive damages in this case cannot protect Life Alert against multiple punishments for the same alleged wrong in future cases.  Therefore, any award of punitive damages based on anything other than Life Alert's conduct in connection with the sale of the subject product would violate Life Alert's due process rights under the United States and Tennessee Constitutions and other applicable laws and statutes.

k. The assessment of punitive damages in this action against Life Alert would violate the Commerce Clause of Article 1, Section 8 of the United States

Constitution to the extent that such award punishes acts or omissions which allegedly occurred solely outside of state boundaries.

24. With respect to Plaintiff's demand for punitive damages, Life Alert specifically raises and incorporates by reference any and all standards or limitations regarding the determination and enforceability of such damage awards as held in *BMW v. Gore*, 116 U.S. 1589 (1996); *State Farm Mut. Auto Ins. Co. v. Campbell*, 123 S. Ct. 1513 (2003); *Philip Morris USA v. Williams*, 127 S. Ct. 1057 (2007); and *Exxon Shipping Co. v. Baker*, 128 S. Ct. 2605 (2008).

25. Life Alert reserves the right to add additional affirmative defenses upon the substantial completion of discovery.

WHEREFORE, Life Alert prays that Plaintiff's Complaint be dismissed with prejudice and all costs, including discretionary costs, be assessed against Plaintiff. Life Alert also seeks any other relief the Court deems appropriate.

*/s/ Sanford G. Hooper*
One of the Attorneys for Defendant Life Alert Emergency Response, Inc.

## JURY DEMAND

Defendant hereby demands trial by jury on Plaintiff's claims.

*/s/ Sanford G. Hooper*

OF COUNSEL:
Sanford G. Hooper (BPR No. 029692)
*shooper@lightfootlaw.com*
Brooke L. Messina (*pro hac vice* application forthcoming)
*bmessina@lightfootlaw.com*
LIGHTFOOT, FRANKLIN & WHITE, LLC
The Clark Building
400 North 20th Street
Birmingham, AL  35203-3200
(205) 581-0700
(205) 581-0799 (Facsimile)

## CERTIFICATE OF SERVICE

  This is to certify that on this 22nd day of January, 2021, a true and correct copy of the foregoing was served on counsel of record by depositing a copy of same in the United States Mail, postage prepaid, properly addressed to the following:

   Ryan Skertich (BPR No. 30822)
   MORGAN & MORGAN PLLC
   One Commerce Square, 26th Floor
   Memphis, Tennessee 38103


          */s/ Sanford G. Hooper*
          Of Counsel