IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

KENDALL CLAY, INDIVIDUALLY,
And as NEXT OF KIN OF ABRAHAM
CLAY, DECEASED,

    Plaintiff

CIVIL ACTION NO.
2:21-cv-02048-JPM-tmp

v.

LIFE ALERT EMERGENCY RESPONSE,
INC., JOHN DOES and JANE DOES,

    Defendants

Removed from the Circuit Court of
Tennessee for the Thirtieth Judicial
District at Memphis
Docket No. CT-4287-20

**CONFIDENTIALITY AND PROTECTIVE ORDER**

The parties to this action have agreed to the following Confidentiality and Protective Order. Accordingly, it is ORDERED:

1. This Protective Order shall apply to all documents, materials, and information, including without limitation documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, excerpts therefrom, subpoena responses and other information (collectively, "Discovery Materials") disclosed pursuant to the disclosure or discovery duties created in this Action by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, the term "document" shall mean all documents, electronically stored information, and tangible things within the scope of Fed. R. Civ. P. 26(a)(1)(A)(ii) and 34(a)(1). A draft of a non-identical copy is a separate document within the meaning of this term.

1

3. A producing party or third party may designate any Discovery Materials as CONFIDENTIAL that in its good faith judgment contain, reflect or otherwise disclose: (a) information prohibited from disclosure by statute; (b) private or confidential personal information; (c) trade secrets or competitively sensitive technical, marketing, financial, sales, or other confidential business information; (d) information received in confidence from third parties, or (e) information which the producing party otherwise believes in good faith to be entitled to protection under Fed. R. Civ. P. 26(c)(1)(G). The party who so designates Discovery Materials as CONFIDENTIAL may at any time, and with the consent of any relevant third party, revoke that designation. No party or third party producing documents subject to this Order will designate Discovery Materials as CONFIDENTIAL unless a particularized, specific assessment was made as to each document and the designation only applied to the portions of the document that contain CONFIDENTIAL information. Information that is available to the public shall not be designated CONFIDENTIAL.

4. A producing party or third party may designate any Discovery Materials as CONFIDENTIAL-ATTORNEYS' EYES ONLY that in good faith judgment contain, reflect or otherwise disclose: (a) trade secrets under Tenn. Code Ann. § 47-25-1702(4); (b) previously non-disclosed highly sensitive financial information, including sales, costs, profitability, fee, or pricing data; (c) previously non-disclosed business-related information, including strategic business initiatives, marketing plans, product-development information, or business-sensitive information that is not otherwise available from other sources; (d) previously non-disclosed material relating to ownership or control of any non-public company;  (e) HIPAA protected information related to Plaintiff's medical records and bills, or (f) any other confidential information of an extremely sensitive nature, the disclosure of which would be detrimental to the producing party if disclosed

2

to persons other than the designated party counsel to this Litigation. The party who so designates Discovery Materials as CONFIDENTIAL-ATTORNEYS' EYES ONLY may at any time, and with the consent of any relevant third party, revoke that designation. No party or third party producing documents subject to this Order will designate Discovery Materials as CONFIDENTIAL-ATTORNEYS' EYES ONLY unless a particularized, specific assessment was made as to each document and the designation only applied to the portions of the document that contain CONFIDENTIAL-ATTORNEYS' EYES ONLY information. Information that is available to the public shall not be designated CONFIDENTIAL-ATTORNEYS' EYES ONLY.

    5. Discovery Materials designated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY ("Confidential Material") shall be designated as such by any of the following:

    a) Without interfering with the legibility of the material, conspicuously marking the word "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" (or words to the same effect) on the face of each physical page or image of the Document or Information that contains the Confidential Material;

    b) When ESI is produced that cannot itself be marked with the designation CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY, the physical media on which such ESI is produced should be marked with the applicable designation. The party receiving this ESI is then responsible for affixing the applicable designation label to any physical copies or electronic images that it creates; or

    c) Employing any other reasonable method to which the parties agree.

    6. Except as otherwise permitted by this Order or required by law, Confidential Material may only be used for this Litigation and any appeal between these parties and for no other purpose.

Under no circumstance may any Confidential Material and/or any information learned or contained in any such material be used for any other purpose.

7. If a party intends to file a document, Discovery Materials, or other information designated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY, the filing party will alert the producing party and request the producing party to designate which, if any, CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY documents will need to be filed under seal (using the procedures described below). The producing party will respond to this request within 72 hours of the initial notice of intent to file. To the extent practicable, information designated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY shall be filed separately or in severable portions of filed papers, so that the non- confidential portions may be freely disseminated. Nothing in this paragraph shall prevent the party (with the consent of any relevant third party) who produced the relevant CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY materials from filing such materials, including any expert reports, deposition testimony, or any other Discovery Material designated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY because of its reference to CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY information, with the Court and without seal; such filing shall constitute a revocation of the CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY designation associated with such Discovery Materials.

8. A party who seeks to introduce information at a hearing, trial or other proceeding that is protected from disclosure under this Order, shall advise the Court at the time of introduction that the information sought to be introduced is designated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY. If the party who designated the information as protected requests the protection be continued, the Court will review the information, *in camera*, to determine if the

4

information is entitled to continued protection. Unless the Court orders otherwise, the information designated as CONFIDENTIAL or CONFIDENTIAL- ATTORNEYS' EYES ONLY will only be available for viewing by Court personnel and counsel of record for the parties and shall be subject to the restrictions on CONFIDENTIAL and CONFIDENTIAL-ATTORNEYS' EYES ONLY documents under this order. If any party determines during the course of this action that this Order does not sufficiently protect the confidentiality of information produced or disclosed, it may seek to modify this Order with the agreement of the other parties. If such agreement cannot be obtained, any party may seek modification of this Order by motion to the Court.

9. Discovery Materials designated as CONFIDENTIAL shall **not**, without the consent of the party producing it and the consent of the party claiming confidentiality (if that party is different from the producing party) or further Order of the Court, be disclosed or made available in any way to any person **other than**:

a. the parties' outside counsel of record, including employees, staff and supporting personnel (e.g., paralegals, clerical assistants) of such counsel, that such counsel employs and assigns to this case;

b. the named parties in this case, and their officers, directors, partners, members, and employees whom counsel in good faith believes are reasonably necessary to assist counsel in this case;

c. witnesses in the course of deposition or trial testimony where counsel has a reasonable and good faith belief that examination with respect to the document is appropriate in conducting discovery or trial purposes in this case, and any person who is being prepared to testify where counsel has a reasonable and good faith belief that such person will be a witness in this case and that his/her examination with respect to the document is necessary in connection with

5

such testimony;

        d.  expert witnesses and consultants retained in connection with this case, to the extent such disclosure is necessary for preparation of reports, or for depositions, trial or other proceedings in this case;

        e.  vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, data recovery vendors, graphic consultants or outside copy services; qualified persons taking testimony involving such material and necessary stenographic and clerical personnel; and jury consultants or mock jurors;

        f.  the Court and its employees ("Court Personnel") in this case;

        g.  mediators and other neutral evaluators either assigned to the case by the Court or retained for the case by the mutual agreement of the parties;

        h.  any individual who is the author, creator, or original recipient of any of the Discovery Materials designated as CONFIDENTIAL; and

        i.  other persons by written agreement of all the parties.

10. Discovery Materials designated as CONFIDENTIAL-ATTORNEYS' EYES ONLY shall **not**, without the consent of the party producing it and the consent of the party claiming confidentiality (if that party is different from the producing party) or further Order of the Court, be disclosed or made available in any way to any person **other than**:

        a.  the parties' outside counsel of record, including employees, staff and supporting personnel (e.g., paralegals, clerical assistants) of such counsel, that such counsel employs and assigns to this case;

        b.  the producing party of Discovery Materials designated as CONFIDENTIAL-ATTORNEYS' EYES ONLY, along with that party's officers, directors, partners, members, and

6

employees, in the course of deposition or trial testimony where counsel has a reasonable and good faith belief that examination with respect to the document is appropriate in conducting discovery or trial purposes in this case, provided that such persons are not competitors of, or employed by competitors of, the producing party and will not gain any competitive advantage by having access to the Discovery Materials designated as CONFIDENTIAL-ATTORNEYS' EYES ONLY;

    c. expert witnesses and consultants retained in connection with this case, to the extent such disclosure is necessary for preparation of reports, or for depositions, trial or other proceedings in this case;

    d. vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, data recovery vendors, graphic consultants or outside copy services; qualified persons taking testimony involving such material and necessary stenographic and clerical personnel; and jury consultants or mock jurors;

    e. the Court and its employees ("Court Personnel") in this case;

    f. mediators and other neutral evaluators either assigned to the case by the Court or retained for the case by the mutual agreement of the parties;

    g. any individual who is the author, creator, or original recipient of any of the Discovery Materials designated as CONFIDENTIAL-ATTORNEYS' EYES ONLY; and

    h. other persons by written agreement of all the parties.

11. Prior to disclosing Discovery Materials designated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY to any person listed above (other than the individuals listed in Paragraphs 9(a, g and h) and 10(a, e, and f), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment (in the form attached as Exhibit A) stating that he or she has read this Protective Order and agrees to

7

be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by opposing counsel.

12. Whenever a deposition involves the disclosure of Discovery Materials designated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY, the deposition or portions thereof shall be designated as CONFIDENTIAL or CONFIDENTIAL- ATTORNEYS' EYES ONLY, respectively, and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY after transcription, provided written notice of

the designation is given to all counsel of record. Whenever any information or material designated CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY is disclosed or used at a deposition in which testimony is given, each portion of any such testimony in which such information is disclosed or used shall be conducted with only those persons in attendance who are authorized under this Order to have access to such information.

13. In the event that a third party or another party produces documents that a party wishes in good faith to designate as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY, the party wishing to make that designation must do so within thirty (30) business days of receipt, and identify the information by bates label or, where not bates labeled, by document title and page number(s) or page and line number(s) and provide a copy of the material which the designating party has clearly labeled, stamped, or otherwise marked with the CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY marking and the additional words "as designated by [party]." The non-designating parties shall thereafter mark the document or information in the

manner requested by the designating party and thereafter treat the document or information in accordance with such marking. However, any use by the non-designating parties made before a post-production designation will not be a violation of this Protective Order, and the post-production designation will apply prospectively only and will not apply to any disclosure made prior to the designation, so long as the non-designating party notifies the designating party of the prior disclosure and otherwise makes reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

      14. A party may, but is not obligated to, object to the designation of particular Discovery Materials designated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY by giving written notice to the party designating the disputed information. If challenged, the written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection through meet-and-confer within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY to file an appropriate motion within (5) business days after the conclusion of that meet-and-confer process. If such a motion is not timely filed, the disputed information shall not be treated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY under the terms of this Protective Order. If a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY under the terms of this Protective Order until the Court rules on the motion. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY.

15. Neither the attorney-client privilege nor the work product protection is waived by disclosure connected with this litigation. It is ordered that the disclosure of privileged, work product protected or other protected information is not a waiver in the pending case or in any other federal or state proceeding or arbitration. The disclosure of documents, information, or materials in this litigation as part of a production shall not itself constitute a waiver for any purpose. If a party inadvertently produces information that it later discovers, or in good faith later asserts, to be privileged or otherwise protected from disclosure, the Producing party must immediately notify all parties in writing of the inadvertent production and the basis for the privilege or other protection from production, and request in writing the return or confirmed destruction of the privileged or protected information. Upon receipt of such a request for return, the party to whom the documents were produced must segregate the documents (and all copies thereof) and, unless it challenges the claw-back notification by motion as indicated below, must return, sequester, or destroy them within five (5) business days. All images of withheld privileged information and any notes or communications reflecting the content of such documents shall either be destroyed or sequestered.

16. This Protective Order shall by agreement of the parties and by Order of the Court establish the parties' intention to retain the confidentiality of all privileged materials; constitute an acknowledgement that each party has taken reasonable precautions to prevent disclosure; and operate as an order concerning waiver under, and in a manner otherwise affording the maximum protection allowed by, Federal Rule of Evidence 502 and analogous law and rules of any other state or court. The provisions of Federal Rule of Evidence 502(b), however, are inapplicable to the production of privileged information under this Protective Order.

17. The receiving party may, within ten (10) business days of claw-back notification, seek an order from the Court directing the production of the document on the ground that the claimed

privilege or protection is invalid or inapplicable. However, the fact of the production of the document in the course of this action shall not constitute grounds for asserting invalidity or waiver of the privilege or protection.

18. Nothing in this Protective Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the producing party that such materials have been produced.

19. Nothing in this Protective Order limits a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

20. Within sixty (60) days after dismissal of all claims and defenses in this action, with or without prejudice, or entry of final judgment not subject to further appeal, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY shall be destroyed or returned to the designating party or third party. Where the parties (including any signatories to Exhibit A) agree to return the designated information, the returning party shall provide all parties a written certification of counsel confirming that all designated information has been returned. Where the parties (including any signatories to Exhibit A) agree to destroy the designated information, the destroying party shall provide all parties with a written certification of counsel confirming the destruction of all information designated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY.

Despite the provisions of this paragraph, counsel of record may keep for archival purposes copies of all deposition transcripts, court filings, and attorney work product that contains or explicitly references Confidential Material, provided the Documents and Information are treated

11

as confidential under this Order and viewed only by the attorneys and their employees and not by the parties themselves or any other individual or entity.

Nothing in this paragraph shall require a party to return or destroy Confidential Information if the party had rights independent of this Order to possess or use the Confidential Information.

21. This Protective Order shall not be deemed or construed as a waiver of any right to object to the furnishing of information in response to any discovery request. Nor shall this Protective Order be deemed or construed as a waiver of the attorney-client, work product, or any other privilege, or of the rights of any party, person or entity to oppose the production of any documents or information on any permissible grounds. Further, this Protective Order does not limit, restrict or otherwise affect the ability of any party to seek the production of documents, testimony or information from any source.

22. Neither this Protective Order nor a party's designation of particular Discovery Materials as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY affects or establishes the admissibility or waiver of any right to object to the admissibility at trial of any Discovery Materials covered by this Protective Order.

23. The production of any documents without the designation of CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY when it should have been designated as such shall not be deemed a waiver of the right to designate such materials as confidential in accordance with this Order.

24. If any party in possession of information designated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY is served with a subpoena, request for production of documents, or other similar legal process in another proceeding seeking production of information designated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY,

the receiving party shall give written notice, by electronic mail, to the undersigned counsel for the party that produced the information designated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY. To the extent permitted by applicable law, the receiving party shall not produce any of the producing party's information designated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY for a period of at least ten (10) business days after providing the required notice to the producing party. If, within ten (10) business days of receiving such notice, the producing party provides written notice to the receiving party that it opposes production of its information designated as CONFIDENTIAL or CONFIDENTIAL- ATTORNEYS' EYES ONLY, the receiving party shall not thereafter produce such information, except pursuant to a court order (or other order which subjects the party to penalties for noncompliance) requiring compliance with the subpoena, request for production, or other legal process. The producing party shall be solely responsible for asserting any objection to the requested production. The receiving party shall provide a copy of this Order to the third party requesting production of information designated as CONFIDENTIAL or CONFIDENTIAL- ATTORNEYS' EYES ONLY. This Protective Order does not require the receiving party or anyone else covered by this Order to challenge or appeal any such order requiring production of information designated as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY covered by this Order, or to subject itself to any penalties for noncompliance with any such order, or to seek any relief from a court.

25. The terms of this Protective Order shall survive the termination of this action, and all protections of this Protective Order shall remain in full effect in perpetuity.

26. The Court retains the right to allow, *sua sponte* or upon motion, disclosure of any subject covered by this Order or to modify this Order at any time in the interests of justice.

27. Any violation of this Protective Order may subject the violator to monetary or other sanctions as deemed appropriate by the Court.

28. Until such time as this Protective Order is entered by the Court, the parties shall treat it as "So Ordered."

**SO ORDERED**, this 23rd day of February, 2021.

                                                  /s/ Jon P. McCalla
                                                  JON P. McCALLA
                                                  UNITED STATES DISTRICT JUDGE

**APPROVED:**

**QUINTAIROS, PRIETO, WOOD & BOYER, P.A.**

s/ Minton Mayer
MINTON P. MAYER, #18111
COLLEEN M. SCHUETZ, #34436
5050 Poplar Avenue, Suite 1430
Memphis, TN 38157
901-312-1640 phone
901-312-1639 fax
minton.mayer@qpwblaw.com
colleen.schuetz@qpwblaw.com


**MORGAN & MORGAN, PLLC**


s/ Ryan Skertich
RYAN SKERTICH, #30822
One Commerce Square, 26th Floor
Memphis, TN 38103
901-525-7262 phone
901-524-1748 fax
rskertich@forthepeople.com